UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
                                        )
     v.                                 )     CRIMINAL NO. 96-10047-REK
                                        )
                                        )
TERENCE WILLIAMS,                       )
     Defendant                          )
_____)

**Memorandum and Order**
May 17, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

(1) Defendant's Petition Pursuant to Fed.R.Civ.P. 60(b)(6) (Docket No. 841, filed October 28, 2005).

**II. Factual Background and Procedural History**

The facts of this case are stated in detail in my Memorandum and Order of October 26, 2004 (Docket No. 840).

**III. Analysis**

**A. Williams's Instant Petition**

Within his Rule 60(b)(6) petition, Williams argues that this court should reconsider its "Judgment of Conviction entered against him on the 15th day of October, 1999." (Docket No. 841 at 1.) By its nature, Williams's petition is not a motion for reconsideration of any particular

ruling at all but is instead a petition to attack the statutory basis of his conviction.  (See id. at 6 (arguing about "the district court's lack of subject matter jurisdiction to impose a sentence that exceeds the lowest penalty provision of U.S.S.G. § 2D1.1").)  Williams's self-styled Rule 60(b)(6) petition is thus not a motion for reconsideration at all and is instead a motion pursuant to 28 U.S.C. § 2255 (1996).

Similar to my decision to recharacterize Williams's last mislabeled Rule 60(b) petition, where he raised the same argument that he raises here, (see Docket No. 839), as a § 2255 motion (see Docket No. 840 (noting that "[s]ince [Williams's petition] attacks the constitutional and statutory basis of...Williams' conviction, it is more properly filed as a § 2255 motion")), I will consider his instant petition as a successive § 2255 motion.  For the same reasons stated within my Memorandum and Order of October 26, 2004, I dismiss Williams's instant petition.

**B. New Support**

The primary difference between the instant petition and Williams's previous § 2255 motion is that he says he has new support for his previously considered arguments.  The petitioner now argues that a Supreme Court case, Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), supports consideration of his motion under Rule 60(b) rather than under § 2255, and that two cases from the United States Court of Appeals for the Second Circuit, United States v. Gonzalez, 420 F.3d 111 (2nd Cir. 2005), and United States v. Cordoba-Murgas, 422 F.3d 65 (2nd Cir. 2005), support his previously considered argument, (see Docket No. 839 (arguing that "court lacked jurisdiction to impose an illegal sentence" on Williams)).  Williams's new support is not convincing for two reasons.

First, <u>Crosby</u> involved the interaction between § 2254 and Rule 60(b), not the interaction between § 2255 and Rule 60(b).  <u>Crosby</u>, 125 S.Ct. at 2647.  In fact, <u>Crosby</u> states:

> In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court.  Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications.  Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical.  **Accordingly, we limit our consideration to § 2254 cases.**

<u>Id.</u> at 2646 n. 3 (emphasis added).  Thus, <u>Crosby</u> is inapplicable to Williams's case.

Second, decisions of circuits outside of the First Circuit, such as <u>Gonzalez</u> and <u>Cordoba-Murgas</u>, provide authority that is merely persuasive, not controlling.  See <u>H.B. Zachry Co.</u> v. <u>Abengoa Puerto Rico, S.E.</u>, No. 01-2032(DRD), 2003 WL 23315961, at *4, n. 2 (D.P.R. Jan. 21, 2003) (noting that precedent plaintiff cited for proposition was "merely persuasive, not controlling" because it was not on point with issue in case and was not from same district, First Circuit, or Supreme Court).  Thus, without even reaching the merits of these decisions, I am not mandated to change a previous judgment because of the holdings of these two cases.  Moreover, Williams's new support is supposed to buttress the same argument raised in his last § 2255 motion that I denied.  Thus, the petitioner's argument again fails, and his § 2255 petition is to be dismissed.

**C. Merits of Rule 60(b)(6) Motion**

Inasmuch as Williams "adam[a]ntly opposes recharacterization of this petition for relief of judgment, as a second or successive application under 28 U.S.C. § 2255," (Docket No. 841), even if I were to consider Williams's motion as a Rule 60(b)(6) motion, his proffered

3

reasons for me to reconsider his motion (i.e. the two decisions in the Second Circuit) are insufficient to meet the stringent requirements of Rule 60(b).  See 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2857 (2d ed. 1995) (noting that generally, and particularly within the First Circuit, this higher standard of proof only applies to Rule 60(b)(6) and does not apply to the other subsections of Rule 60(b)); Scola v. Boat Frances, R., Inc., 618 F.2d 147, 154-55 (1st Cir. 1980) (finding that motion for reconsideration could not come under Rule 60(b)(6) because "extraordinary circumstances" were not present).  No extraordinary circumstances exist in this case.  Williams's petition is therefore denied insofar as it is styled as a Rule 60(b)(6) petition.

## ORDER

For the foregoing reasons, it is ORDERED:

Defendant's Petition Pursuant to Fed.R.Civ.P. 60(b)(6) (Docket No. 841) is DISMISSED.

_____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge